### PUTNAM, Administrator, *v.* DAVIDSON.

Where a purchaser at a probate sale, who was a party to an action to annul the sale, sets up in his pleading his title as purchaser, claiming a recourse in warranty against the succession in case of eviction, he will not be listened to when, in an action against him by the administrator to recover the property or its value, he avers that he was not the owner of it at the date of the first suit.

APPEAL from the District Court of Livingston, *Penn,* J. *Watterston,* for the appellant. *Merrick,* for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. It appears that, in May, 1842, at a probate sale of the effects of the succession of the late *John Putnam,* in the parish of Livingston, the defendant, *Davidson,* became the purchaser of a female slave and her two children, on a credit of twelve months. By a judgment of the Court of Probates of Livingston, of the 26th of June, 1845, the proceedings under which the sale of the slaves was made were all annulled, and decreed to be of no effect. An appeal was taken from this judgment to this court, which was never prosecuted. To this judgment the defendant was a party. The court, being one of limited jurisdiction, confined itself to the annulling of its own decrees, and gave no further decision in relation to the property to be affected by its judgment. The present plaintiff institutes this suit against the defendant to recover the slaves, or their value, with wages, by virtue of the judgment annulling the order of sale and proceedings under which the defendant purchased them. The plaintiff was non-suited, and has appealed.

<div style="text-align: right">PUTNAM<br>
*v.*<br>
DAVIDSON.</div>

It appears by the answers of the defendant to interrogatories propounded to him by the plaintiff, that he sold the slaves to a *Mr. Copland*, and, as the defendant believes, they were taken to New Orleans. The date of this sale as given is, the 13th of July, 1844. As this was previous to the institution of the suit in which the proceedings were annulled, and, as it is contended, the defendant bought and sold the slaves in good faith, it is insisted that the plaintiff must fail in his present action, and that the district judge did not err in non-suiting him.

The defendant, we have stated, was a party to the suit in which the mortuary proceedings of the succession were annulled. He was not only a party defendant, but set up title to the slaves, and claimed a recourse in warranty against the succession in the event of eviction. Can he now be heard when he alleges that, at this time, he had sold the slaves, and was not the owner ? We think not. We think that, as to the present plaintiff, he is bound by his plea, and must be held to it, on principles elementary in the administration of justice. The plaintiff has sought his remedy against the defendant, he has made his election, and of its expediency he is the responsible judge. He has based his action upon what has been decided by a court of competent jurisdiction, and the defendant is not permitted to deny what he has judicially asserted. If, at the institution of the suit, he had in good faith parted with the title to the slaves he ought to have disclaimed ownership, and thus enabled the proper parties in interest to be made parties to the suit. We, therefore, consider that this action is well brought against the defendant.

The slaves were purchased for the price of $850. The payment of this sum is expressly put at issue by the pleadings, and has not been proved. We think the plaintiff is entitled to recover the value of the slaves, which we fix at the time of the demand of their delivery, the 16th August, 1845, at the sum of $1,060.

It is therefore decreed that the judgment appealed from be reversed, and that the plaintiff recover from the defendant the said sum of $1,060, with interest from the 16th of August, 1845, until paid, and costs in both courts.